Labauye, J.
This suit is brought against the defendant for $1,398 65, with interest at seven per cent., from the 12th March, I860, for goods sold and delivered to the commercial firm of MeOan & Patterson, on a credit of six months, expiring- 17th March, 1858, with a credit of $225, paid 12th March, 1860, leaving the balance due as aforesaid.
The answer contains, in substance, a general denial, and that, if any indebtedness ever existed, which is denied, the partnership of MeOan & Patterson, of which respondent was a member, was dissolved on the 17th May, 1858,- and that plaintiffs had notice thereof; that by the terms of said dissolution, all the debts of the said firm were assumed by George Patterson; that all the partnership property was left in his possession for the purpose of paying said debts; that respondent withdrew from said firm on the said date; that on the 12th March, 1860, the plaintiff's received from George Patterson $225 in cash, and his note at six months for $721, and his note at twelve months for $742, in full settlement of claim of Hoopes & Townsend, of Philadelphia, against the late firm of MeOan & Patterson; that it was the intention of plain tiff's, in thus settling with George Patterson, the liquidating partner, to grant a full and entire acquittance to respondent; that said Patterson had always ample means and partnership effects with which to pay any such indebtedness, if owing prior to his death, and that the delay of plaintiffs in looking to this respondent, their giving a long time to Patterson to pay the injury inflicted upon respondent, all debar them from any recovery herein; that plaintiffs’ claim, if any they have, is not yet due and payable, and that this'suit is therefore premature; that plaintiffs cannot recover of defendant, from their inability to subrogate him to all their legal rights.
He prays for judgment in his favor, for costs and for general relief.
The receipt given in settlement is of the following tenor:
“ Received, New Orleans, March 12th, 1860, from George Patterson, two hundred and twenty-five dollars in cash, and his note payable six months after date, with current exchange on Philadelphia, for seven hundred and twenty-one dollars, and his note payable twelve months after date, -with current exchange on Philadelphia, for seven hundred and forty-two dollars, being in full settlement of claim of Messrs. Hoopes & Townsend of Philadelphia, against the late firm of McCan & Patterson, the said claim being on the schedule of liabilities of MeOan & Patterson, on file in the office of James Graham, Esq., notary public in tlio city of New Orleans. (Signed) Hoopes & Townsend. ”
On the 17th May, 1858, the partnership of MeOan & Patterson was *202 dissolved by public act passed before Graham, notary public. McCan, the defendant, transferred and sold to Patterson all his rights, titles and interest he had in the property and effects belonging to his said partnership, and the purchaser, Patterson, assumed and bound himself to pay all the debts and liabilities of said firm. The list referred to in the above receipt, and annexed to the notarial act, shows assets to the amount of $35,934 82, and liabilities assumed by Patterson to the sum of $21,990 31, ¿among which figures the debt due the plaintiffs, $1,450. The purchaser settled the difference, $15,000, in cash and in his notes. The plaintiffs must have had knowledge of this dissolution and arrangement, for they refer to the said list of debts in the receipt given by them; therefore, they knew that Patterson had assumed their debt.
The question arises, was this receipt intended as a-payment or novation of the debt due by McCan & Patterson, in using the term full settlement ? Taking all the-attending circumstances, we are of opinion that full settlement was intended for payment; because, in reference to the $225 paid cash, it certainly means payment, and of course must have the same meaning as regards the two notes. Settlement means: an adjustment of accounts or claims; liquidation; payment. Worcester’s Diet, verbo settlement.
If then the term in full settlement, and by the plaintiffs in their receipt meant payment, the debt owing by the firm of McCan & Patterson was novated and extinguished. 4 An. 543. 2 An. 174. 16 L. 140. 2 L. 111.
- We are of opinion that our learned brother below erred in giving judgment for plaintiffs.
It is therefore ordered and decreed, that the judgment appealed from be reversed and annulled, and it is further adjudged and decreed, that plaintiffs’ demand be rejected, and that they pay costs in both courts.